**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARY MERROW,<br><br>            Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>            Defendant. | CASE NO. CV 11-09171 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        This matter comes before the Court on Plaintiff Stephen Merrow's Complaint that the Social Security Commissioner wrongly denied his claim for disability benefits. The Court disagrees.

        Plaintiff tore cartilage in his right knee and subsequently underwent arthroscopic surgery to repair the damage. For a time, due to favoring his right leg, he developed an uneven walk, which placed stress on his back and caused back pain as well. Subsequent imaging revealed mild degenerative changes in his lumbar spine. The Administrative Law Judge held that Plaintiff was not disabled before the date he was last insured (September 30, 2006).

        Plaintiff argues that the record does not support the residual functional capacity determined by the Administrative Law Judge, principally on the argument that the Administrative Law Judge was wrong in discrediting the more restrictive capacity

suggested by Plaintiff's treating orthopedist, Dr. Harris. The Court disagrees. "Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), citing *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). The opinion with which the Administrative Law Judge took issue was an opinion of Plaintiff's capacity in 2008, two years after the date his social security insurance coverage ran out. The Administrative Law Judge in fact gave clear and convincing reasons for rejecting this opinion. The Administrative Law Judge stated that "of note" Plaintiff saw his orthopedist only once from the alleged onset date of September 17, 2004 to the date last insured of September 30, 2006, and saw no other physicians during that time. [AR 14] (In fact, Plaintiff had only seen Dr. Harris once since September 2003, a year before his alleged onset date. [AR 216]) During that one time, Plaintiff did complain of knee pain, but he did not go through with a suggested MRI because his symptoms improved. [*Id*.] There was no other evidence, justifying the Administrative Law Judge's finding that "the record clearly indicates that his knee function significantly deteriorated *after* the date last insured." [AR 14 (emphasis in original)]

  Plaintiff complains also that the Administrative Law Judge did not discuss statements from Dr. Harris in 2003 that Plaintiff was precluded from prolonged weightbearing. [AR 197] This statement, however, was from a report prior to the alleged onset date. Indeed, subsequent to that date, Dr. Harris reported that Plaintiff had not undergone an MRI because his knee symptoms began to improve with medication and exercise [AR 210], that he worked for 1-2 months in early 2006 performing residential inspections "which he tolerated well," that he resigned when asked to relocate to Bakersfield, and that he denied any increased problems with his right knee or low back during his employment. [AR 211] Given this evidence in the record, the Administrative Law Judge was well within his rights in electing not to discuss the 2003 remark that, at that time, Plaintiff was precluded from prolonged weight bearing. *See Howard ex rel. Wolff v.*

*Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (in interpreting evidence and developing record, Administrative Law Judge does not need to discuss every piece of evidence).

Plaintiff makes a brief argument that the Administrative Law Judge did not consider his obesity, but gives no indication of how that might have impacted the decision. Certainly the Administrative Law Judge considered Plaintiff's claims of low back pain, which might have had something to do with obesity, as well as the situation with Plaintiff's knee. But, since there was no indication of how the obesity might have created limitations that the Administrative Law Judge did not consider, the fact that it was not specifically addressed was not error. *Cf. Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Finally, Plaintiff asserts that the Administrative Law Judge erred in finding that he could perform his past relevant work as building inspector. The Court finds no error. As indicated, the evidence showed that Plaintiff himself said that his impairments were not aggravated by his work as a building inspector. [AR 211] The testimony of the vocational expert only reinforced this finding.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: June 28, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE